UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

F.I., individually and on behalf of S.S., a child with a
disability.                                                                       COMPLAINT


                               *Plaintiffs*,
                                                              Case No.

       -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                            *Defendant*.

_____

F.I., individually and on behalf of S.S., a child with a disability, by and through her attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action brought pursuant to the enforcement and fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. This is also an action pursuant to Title 42 of the United States Code, Section 1983 to redress the denial to plaintiff by defendant of protected liberty interests and rights without due process of law.

3. Plaintiff F.I. and S.S. reside in the County of Kings, State of New York.

4. S.S. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401 (3)(A).

5. F.I. is the parent of S.S. as defined by IDEA 20 U.S.C. § 1401(23).

6. Defendant New York City Department of Education (Department) is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S.

Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq*., and the regulations promulgated thereunder.

JURISDICTION AND VENUE

7.  Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

8.  Jurisdiction for the enforcement of the Findings of Fact and Decision under 42 U.S.C. §1983 is predicated upon 28 U.S.C. § 1331, and upon 28 U.S.C. § 1343, which provides, *inter alia,* the district courts with original jurisdiction to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

9.  Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

FACTUAL BACKGROUND – CASE NO. 175256

10. S.S. was born in 2001.

11. S.S. was classified as a student with autism by defendant's committee on special education.

12. By due process complaint (DPC) to the defendant dated July 13, 2018, plaintiff demanded a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

13. The matter was assigned case number 175256.

14. Plaintiff's DPC demanded, *inter alia,* a finding that defendant did not provide S.S.

with a free appropriate public education (FAPE) pursuant to IDEA

15. As relief, plaintiff's DPC demanded, among other things, a functional behavior assessment (FBA) and, if warranted, behavior intervention plan (BIP) by a board certified behavior analyst (BCBA); an assistive technology evaluation; a speech and language evaluation; an adapted physical education evaluation; a transportation paraprofessional; and the addition of in-home Applied Behavior Analysis therapy (ABA) to S.S.'s Individualized Education Program (IEP).

16. The defendant appointed Dora Lassinger as impartial hearing officer (IHO).

17. A pre-hearing conference was held on September 6, 2018, and the case was heard on September 20, 2018.

18. On September 20, 2018, the plaintiff entered documentary exhibits (A-I and L-N) into evidence; the defendant did not enter documents into evidence, nor did the defendant call witnesses to testify.

19. On September 20, 2018, F.I. testified on behalf of S.S., explaining the difficulties S.S. experienced due to the inappropriate program the Student was enrolled in and as to the need for ABA services.  A licensed behavior therapist and clinical director of an ABA agency also testified on behalf of the plaintiff, explaining the evaluative process he undertook with S.S. and his recommendations for services.

20. On October 3, 2018, plaintiff, through her counsel, submitted a written closing brief to the IHO and to the defendant.

21. On October 22, 2018, the IHO issued a Findings of Fact and Decision (FOFD) in favor of the plaintiff, finding a denial of FAPE for the 2016/17, 2017/18, and 2018/19 school years.  The IHO awarded various relief, including an order for a functional

behavior assessment and behavior intervention plan by a board certified behavior analyst, an assistive technology evaluation, a speech and language evaluation, and an adaptive physical education evaluation.  The IHO also ordered that the defendant fund a full-time, push-in ABA provider to provide service to the plaintiff throughout the entire school day and an additional ten hours of in-home ABA therapy each week, as well as five hours per week of board certified behavior analyst supervision.

22. Defendant has not complied with the terms of the Findings of Fact and Decision, as defendant has not paid the ABA provider for the services provided to the plaintiff.

23. On October 22, 2018, plaintiff, through her counsel, submitted a demand for attorneys' fees and costs incurred in relation to the administrative hearing to defendant's Office of Legal Services.

24. As of the date of this complaint, defendant has failed to settle the attorneys' fees and costs in this matter.

FIRST CAUSE OF ACTION

25. Plaintiffs repeat and reallege paragraphs 1 through 24 as if more fully set forth herein.

26. Plaintiff F.I. initiated an impartial hearing on behalf of S.S. under case number 175256.

27. Plaintiff F.I. prevailed at the impartial hearing by obtaining a decision and order from the impartial hearing officer ordering the relief demanded by plaintiff F.I.

28. Plaintiff F.I. having prevailed in the underlying proceedings hereby seeks reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

SECOND CAUSE OF ACTION

29. Plaintiffs repeat and reallege paragraphs 1 through 28 as if more fully set forth herein.

30. The defendant has not complied with the terms of the IHO's order in case number 175256.

31. Specifically, defendant has failed to fund the in-school and in-home ABA services as ordered in the Findings of Fact and Decision.

32. Defendant has, under color of law, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States, specifically the IDEA, by failing to implement the IHO's order.

33. Plaintiff seeks equitable relief pursuant to 42 U.S.C. § 1983. See *Mrs. W. v. Tirozzi,* 832 F.2d 748, 755 (2nd Cir. 1987) ("A § 1983 cause of action may be used to remedy constitutional and federal statutory violations by state agents" including those under IDEA's predecessor statute, the Education of the Handicapped Act); see also *Weixel v. Board of Educ. of City of New York*, 287 F.3d 138, 151 (2nd Cir. 2002) ("as noted above, plaintiffs have stated causes of action under Section 504/ADA and the IDEA, the district court erred in dismissing their claims for damages under Section 1983"); contra *A.W. v. Jersey City Public Schools,* 486 F.3d 791 (3rd Cir. 2007) (describing circuit conflict as to availability of § 1983 relief under IDEA).

34. Specifically, plaintiff seeks an order directing that defendant comply immediately with all the terms of the IHO's order, including paying Kidz Choice, ABA provider, for all ABA services rendered to S.S. pursuant to the IHO's Findings of Fact and Decision relevant to case number 175256.

THIRD CAUSE OF ACTION

35. Plaintiffs repeat and reallege paragraphs 1 through 34 as if more fully set forth herein.

36. The IDEA includes a judicial remedy for violations of any right "relating to the

identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

37. The First, Third, Fourth, Ninth and Tenth Circuits are in conflict with the Second Circuit as to the availability of § 1983 relief to enforce the IDEA. See, e.g., *Blanchard v. Morton School Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) ("We now join the First, Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA").

38. Thus, in the alternative to the § 1983 cause of action stated above, plaintiffs seek an order pursuant to the IDEA's own enforcement authority directing that defendant comply immediately with all the terms of the IHO's order, including provision of an appropriate nonpublic school program for the plaintiff and completion of a functional behavior assessment and, if warranted, behavior intervention plan utilizing a board certified behavior analyst.

WHEREFORE, plaintiffs respectfully request that this Court:

(1)     Assume jurisdiction over this action;

(2)     An order directing the defendant to comply with the IHO's order to fully fund a full-time, push-in ABA provider from Kidz Choice, to provide service to S.S. during the entire school day and pay for any services rendered thus far;

(3)     An order directing the defendant to comply with the IHO's order to fund ten hours of in-home ABA therapy each week with a provider from Kidz Choice, and pay for any services rendered thus far;

(4)     An order directing the defendant to comply with the IHO's order to fund five hours per week of board certified behavior analyst supervision of the ABA services, at the BCBA's usual and customary rate;

(5)     Award to the plaintiffs costs, expenses and attorneys' fees for this 42 U.S.C. § 1983 action pursuant to 42 U.S.C. § 1988;

(6)     Award to the plaintiffs costs, expenses and attorneys' fees for the administrative proceeding pursuant to 20 U.S.C. § 1415;

(7)     Award to the plaintiffs the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415; and

(8)     Grant such other and further relief as the Court deems just and proper.


Dated: Auburn, New York
       March 12, 2020                         Yours etc.,


                                              s/ Justin M. Coretti
                                              CUDDY LAW FIRM, PLLC
                                              Justin M. Coretti, Esq.
                                              *Attorneys for Plaintiffs*
                                              5693 South Street Road
                                              Auburn, New York 13021
                                              (315) 370-4020
                                              jcoretti@cuddylawfirm.com